UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIA R. TARPLEY, <br><br> Plaintiff, <br><br> v. <br><br> BIXEL INVESTMENT, INC. d/b/a EL CENTRO FINANCE, <br><br> Defendant. | Case No. 3:21-cv-3178 |

## COMPLAINT

**NOW COMES** Plaintiff, ANTONIA R. TARPLEY, by and through her undersigned counsel, complaining of Defendant, BIXEL INVESTMENT, INC. d/b/a EL CENTRO FINANCE, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*, invasion of privacy, trespass to chattels, and intentional infliction of emotional distress.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. ANTONIA R. TARPLEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Hutchins, Texas.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "person" as defined by Tex. Fin. Code Ann. §392.001(1).

9. BIXEL INVESTMENT, INC. d/b/a EL CENTRO FINANCE ("Defendant") is a prominent provider of consumer loans in the state of Texas.

10. Defendant maintains its principal place of business at 209 West Jefferson Boulevard, Dallas, Texas 75208.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9092.

14. At all times relevant, Plaintiff's number ending in 9092 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. In August 2021, Plaintiff took out a consumer loan with Defendant for approximately $700 with a high interest rate.

17. Plaintiff provided Defendant with at least seven references when she filled out the contract paperwork.

18. In assuming the loan, Plaintiff entered into a Contract ("Contract") with Defendant to finance the consumer loan.

19. The Contract required Plaintiff to make monthly payments on the Contract.

20. Due to unforeseen financial difficulty caused by medical complications, Plaintiff was unable to stay current on the payments required by the Contract.

21. In or around October 2021, Defendant started placing collection calls to Plaintiff in an attempt to collect the past-due amount ("subject debt").

22. On December 3, 2021, Plaintiff spoke with Defendant and advised that she was making payments as she was able and that she was attempting to catch up on her bills.

23. She also requested that Defendant cease calling her cellular phone.

24. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff, including, but not limited to, calls from the phone number (214) 942-4493.

25. At no point did Defendant contact any of the seven references that Plaintiff had provided.

26. Instead, Defendant called Plaintiff's employer on numerous occasions and at early times in the morning, sometimes as early as 6 am.

27. In total, Defendant placed no less than 16 harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

28. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

29. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, embarrassment caused by revealing the subject debt to Plaintiff's employer, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

30. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

33. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

34. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35. As pled above, Defendant made phone calls to Plaintiff with such frequency as can be indicative of Defendant using an ATDS.

36. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 16 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

37. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call on December 3, 2021.

38. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

39. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

40. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

41. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

42. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

43. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, ANTONIA R. TARPLEY, requests that this Honorable Court request the following relief:

    A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

    B. an award of statutory damages of at least $500.00 for each and every violation;

    C. an award of treble damages of up to $1,500.00 for each and every violation; and

    D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Invasion of Privacy by Intrusion Upon Seclusion

44. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

45. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically or otherwise, upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

46. Defendant's intrusive collection calls to Plaintiff after Plaintiff requested that the calls cease were an intentional intrusion upon the Plaintiff's seclusion or solitude.

47.     The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

48.     A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, Plaintiff, ANTONIA R. TARPLEY, requests that this Honorable Court grant the following relief:

A.   A finding that Defendant invaded Plaintiff's privacy by intrusion upon seclusion;

B.   Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

C.   An award of actual damages; and

D.   An award of punitive damages.

## COUNT III
### Trespass to Chattels

49.     Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

50.     Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

51.     Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring after Plaintiff requested that the calls cease, thus temporarily impairing the phone's physical condition.

52.     Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

53.     As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ANTONIA R. TARPLEY, requests that this Honorable Court grant the following relief:

A.   A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

B.   Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

C.   An award of actual damages; and

D.   An award of punitive damages.

## COUNT IV
### Intentional Infliction of Emotional Distress

54.     Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

55.     Generally, liability for the tort of intentional infliction of emotional distress may be found only where 'the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56.     Defendant's comprehensive conduct in (1) the relentless unending collection calls (2) repeatedly ignoring Plaintiff's pleas to stop the calls; and (3) contacting Plaintiff's employer on several occasions and at offensive times instead of contacting her references; goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

57.     As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ANTONIA R. TARPLEY, requests that this Court grant the following relief:

A. A finding that Defendant's conduct was intentional and caused Plaintiff emotional distress;

B. Entry of judgment in Plaintiff's favor and against Defendant for intentional infliction of emotional distress;

C. An award of actual damages; and

D. An award of punitive damages.

## COUNT V
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)

58. Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

59. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

>   (4)   causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

60. As pled above, Plaintiff advised Defendant that she no longer wished to received collection calls from Defendant on her cellular phone.

61. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with her.

62. Defendant's continuous phone calls were made with intent to annoy and harass Plaintiff.

63. Additionally, Defendant violated Tex. Fin. Code Ann. §392.302(4) by placing phone calls to Plaintiff's place of employment on numerous occasions and at inappropriate hours.

64. Defendant contacted Plaintiff's employer with the intent to embarrass Plaintiff and coerce her into making a payment on the subject debt.

65. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) through Tex. Fin. Code Ann. § 392.403, which provides:

- (a) A person may sue for:

    - (1) injunctive relief to prevent or restrain a violation of this chapter; and

    - (2) actual damages sustained as a result of a violation of this chapter.

- (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff, ANTONIA R. TARPLEY, requests that this Honorable Court grant the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as is deemed just and proper.

Date: December 21, 2021                                     Respectfully submitted,

**ANTONIA R. TARPLEY**

By: */s/ Jennifer Ann McLaughlin, Esq.*

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com
mdaher@sulaimanlaw.com